**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| H.S.S.U.,<br>Petitioner,<br>v.<br>YARIET RAMIREZ, et al.<br>Respondents. | Case No. CV 25-11073 MEMF (PVC)<br><br>**ORDER REQUIRING RESPONSE TO HABEAS PETITION** |

On November, 18, 2025, H.S.S.U. ("Petitioner"), who is represented by counsel, filed a petition for writ of habeas corpus ("Petition" at Dkt. No. 2). The Petition alleges that Petitioner is being held by the Office of Refugee Resettlement in La Verne, California, and that she is being held in violation of the Constitution and laws of the United States.

In order to facilitate the just, speedy, and inexpensive determination of this action, IT IS HEREBY ORDERED as follows:

**1. To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court.**

2. The Clerk of this Court promptly shall (a) serve electronic copies of the Petition and this Order on Respondents and the United States Attorney, or his authorized agent, in accordance with the Agreement on Acceptance of Service between the Clerk of Court and the United States Attorney's Office set forth in Appendix C to the Central District of California Local Civil Rules[1]; and (b) serve a copy of this Order on Petitioner's counsel of record.

3. By December 18, 2025, Respondents shall file and serve a Notice of Appearance, notifying the Court of the name of the attorney who will have principal charge of the case, together with the address where the attorney may be served and the attorney's telephone and fax number. This information is important to ensure accurate service of Court documents.

4. By December 23, 2025, Respondents shall file a response to the Petition and electronically lodge with the Court all relevant documents. The response may be in the form of a Motion to Dismiss or an Answer, but in either case shall address the question of whether Petitioner is a danger to the community or a flight risk, and whether this case involves "a high probability of success on the merits of [the] habeas petition or special circumstances that would warrant [Petitioner's] release on bail" pending resolution of these habeas proceedings. *United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016).

5. If Respondents file a Motion to Dismiss, Petitioner shall file an Opposition to the Motion to Dismiss by December 29, 2025. At the time the Opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondents that Petitioner believes may be relevant to the Court's determination of the Motion to Dismiss. Petitioner shall concurrently address the question of whether Petitioner is a danger to the community or a flight risk, and whether this case involves "a high probability of success

---

[1] The Local Rules are available at: https://www.cacd.uscourts.gov/court-procedures/local-rules/.

on the merits of [the] habeas petition or special circumstances that would warrant [Petitioner's] release on bail" pending resolution of these habeas proceedings. *Id.* Unless otherwise ordered by the Court, Respondents shall not file a Reply to Petitioner's Opposition to the Motion to Dismiss. If the Motion to Dismiss is denied, the Court will afford Respondents adequate time to respond to Petitioner's claims on the merits.

6. If Respondents file an Answer, Petitioner may file a Reply responding to matters raised in the Answer by December 29, 2025. Any Reply filed by Petitioner shall (a) state whether Petitioner admits or denies each allegation of fact contained in the Answer, (b) be limited to facts or arguments responsive to matters raised in the Answer, and (c) not raise new grounds for relief that were not asserted in the Petition. Grounds for relief raised for the first time in the Reply will not be considered, unless the Court grants Petitioner leave to amend the Petition. The Reply shall not exceed 5,000 words in length absent advance leave of Court for good cause shown. Petitioner shall concurrently address the question of whether Petitioner is a danger to the community or a flight risk, and whether this case involves "a high probability of success on the merits of [the] habeas petition or special circumstances that would warrant [Petitioner's] release on bail" pending resolution of these habeas proceedings. *Id.*

7. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a Motion to Dismiss and/or Petitioner's Reply is due.

8. To request an extension of time for any of the deadlines set forth in this Order, a party must file a motion demonstrating good cause for the extension. Such a motion should be filed before the deadline has expired. Any such motion should be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary and by a proposed order granting the requested extension.

9. Petitioner shall immediately notify the Court and counsel for Respondents of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action may be dismissed for failure to prosecute.

*See* Local Rule 41-6.

10. Any requests for Court action must be submitted by motion or application in compliance with the Central District of California Local Civil Rules.

DATED: December 18, 2025

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE